

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DEBBIE HOFFPAUIR, ET AL.** | : | **DOCKET NO. 2:03 CV 1279** |
| **VS.** | : | **JUDGE MINALDI** |
| **LINDE LIFT CORP. AND HERTZ EQUIPMENT RENTAL CORPORATION** | : | **MAGISTRATE JUDGE WILSON** |

### MEMORANDUM RULING

The plaintiff's Motion to Reconsider [doc. 53] will be granted. The court, in the Memorandum Order dated May 5, 2005 [doc. 51] considered Rule 59, but did not consider Rule 6(a). Rule 6(a) applies to time computations under Rule 59. *See North Alamo Water Supply Corp. v. City of San Juan, Tex.*, 90 F.3d 910, 35 Fed.R.Serv.3d 1276 (5th Cir. (Tx) April 15, 1996); *Ford v. Elsbury*, 32 F.3d 931, 30 Fed. R. Serv. 777 (5th Cir (La) Sept. 9, 1994). Therefore, the plaintiff's Motion for Leave to Amend the Judgment [doc. 46] was timely filed.

The plaintiff's Motion to Amend the Judgment will also be granted. In the Motion to Amend, the plaintiff requested 28 U.S.C. §1292(b) certification and a stay of the proceedings until the appeal has been heard. Hertz opposed the motion, but did not specifically state why the appeal of the April 11, 2005 Judgment does not "involve a controlling question of law as to which there is substantial ground for a difference of opinion." 28 U.S.C. §1292(b). The court granted summary judgment in favor of Hertz on the issue of the allegedly bald or worn tires. An appeal from this

court's judgment may materially advance the ultimate termination of this litigation. 28 U.S.C. §1292(b).

Lake Charles, Louisiana, this 25 day of June, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE